IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GRAYLING BROWN-EL,

    Petitioner,

v.                                                        Civil Action No. **3:13cv70**

C.T. WOODY,

    Respondent.

## MEMORANDUM OPINION

Grayling Brown-El, a former Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"), challenging the revocation and reimposition of his suspended sentence by the Circuit Court of the City of Richmond ("Circuit Court"). Respondent moves to dismiss on the grounds that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Brown-El has responded. The matter is ripe for disposition.

### I.    PROCEDURAL HISTORY

The Circuit Court convicted Brown-El of two counts of Failure to Register as a Sex Offender and imposed a suspended sentence.[1] *See Commonwealth v. Brown-El*, Nos. CR09-F-4121-01, CR09-F-4122-01, at 1 (Va. Cir. Ct. Apr. 13, 2011). On April 13, 2011, the Circuit Court found that Brown-El violated the terms of his suspended sentence and revoked the suspended sentence. (*Id.*) The Circuit Court then re-suspended all of Brown-El's previously suspended time of eight years and twelve months. (*Id.* at 1–2.) Brown-El filed no appeal.

---

[1] The parties' submissions fail to clearly reveal the date and term of the original suspended sentence.

On February 4, 2013, Brown-El filed his § 2254 Petition.[2] In his § 2254 Petition, Brown-El asserts:

Claim One: Brown-El's arrest and two charges of failing to register as a sex offender violated his rights under the Fifth Amendment,[3] to due process,[4] and under the Double Jeopardy Clause.[5]

Claim Two: Forcing Brown-El to register as a sex offender violated his Fifth Amendment right against self-incrimination.[6]

Claim Three: The Commonwealth violated Brown-El's Sixth Amendment right to a speedy trial.[7]

Claim Four: "Fifth Amendment prohibits a person being deprived of life and liberty or property without due process of the law. No indictments were issued and a sworn affidavit was not in existence during trial date nor backed by a grand jury. Show cause isn't a[n] indictment by a grand jury." (§ 2254 Pet. 11 (spelling and capitalization corrected).)

---

[2] At the time he filed his § 2254 Petition, Brown-El was not incarcerated. Therefore, the prisoner mailbox rule fails to apply. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] "No person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V.

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[5] "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.

[6] "No person shall . . . be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

[7] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI.

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Brown-El's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitations for filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Running of the Statute of Limitations Under 28 U.S.C. § 2244(d)(1)

Brown-El filed no direct appeal in state court. Therefore, the Circuit Court's April 13, 2011 decision became final thirty (30) days later, on Friday, May 13, 2011.[8] Va. Sup. Ct. R. 5A:6(a). Pursuant to 28 U.S.C. § 2244(d)(1), Brown-El had until May 14, 2012 to file his federal habeas petition.[9] However, Brown-El failed to file his § 2254 Petition until February 4, 2013, more than eight (8) months after the statute of limitations had expired. The statute of limitations bars the § 2254 Petition unless Brown-El demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling. Neither Brown-El nor the record suggests any plausible basis for belated commencement of the limitation period or equitable tolling.[10] Brown-El's petition is time-barred.

---

[8] The rule provides:

> No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, or within any specified extension thereof granted by this Court under Rule 5A:3(a), counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel.

Va. Sup. Ct. R. 5A:6(a).

[9] May 13, 2012 was a Sunday. The statute of limitations expired the following day on Monday, May 14, 2012.

[10] Brown-El contends that the statute of limitations does not apply in this case because its application would violate his First Amendment rights. In an incoherent manner Brown-El states, 28 U.S.C. § 2244(d)(1) "is a First Amendment violation [that] this act abridges Mr. Brown-E[l's] right to petition government. Bar[r]ing Mr. Brown-El's right is prohibited by the First Amendment Clause, stating [C]ongress shall make no law abridging the right of the people." (Resp. (ECF No. 9) 1.) Despite Brown-El's contention to the contrary, "the statute of limitations in 28 U.S.C. § 2244(d)(1) does not implicate the First Amendment . . . ." *Postell v. Woods*, 2:11-CV-169, 2011 WL 3418242, at *3 (W.D. Mich. July 13, 2011).

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 3) will be GRANTED. Brown-El's petition for relief under 28 U.S.C. § 2254 will be DENIED. Brown-El also moves the court to take judicial note of "Treaty Of Peace and Friendship of Morocco established in 1787." (EFC No. 10.) The Motion (ECF No. 10) will be DENIED. The action will be DISMISSED.[11]

An appropriate Final Order shall issue.

/s/
John A. Gibney, Jr.
United States District Judge

Date: 11/18/13
Richmond, Virginia

---

[11] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253 (c)(1)(A). A COA will not issue unless a prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Brown-El fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.